UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **700 CAMP STREET, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-6304** |
| **MT. HAWLEY INSURANCE CO.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Transfer Venue (Doc. 8). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff 700 Camp Street, LLC filed a petition for insurance proceeds and bad faith penalties in the Civil District Court for the Parish of Orleans against its insurer Mt. Hawley Insurance Company ("Mt. Hawley") for damages sustained by its properties as a result of Hurricane Ida. Plaintiff alleges that Defendant breached the insurance policy that it issued ("the Policy") in bad faith by failing to timely and adequately provide coverage for the damages sustained by the insured properties.

On October 18, 2023, Defendant Mt. Hawley removed the action to this Court. Mt. Hawley thereafter filed a motion to transfer this action to the

1

United States District Court for the Southern District of New York in light of a forum selection clause in the Policy. Plaintiff opposes.[1]

## LAW AND ANALYSIS

The Policy contains a forum-selection clause stating that actions alleging Defendant's failure to pay under the Policy shall be initiated in a court of competent jurisdiction in the State of New York. Defendant argues, therefore, that this matter should be transferred to a venue in New York pursuant to 28 U.S.C. § 1404(a).

In *Atlantic Marine Construction Co. v. United States District for the Western District of Texas*, the Supreme Court explained that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."[2] Typically, a court applying the doctrine of *forum non conveniens* "must determine whether there is an adequate alternative forum and, if so, decide which forum is best-suited to the litigation by considering a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum."[3] However, "[t]he presence of a valid forum-selection clause simplifies this analysis in two ways."[4] "First, the plaintiff's choice of forum merits no weight" because, by contracting for a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises."[5] Second, the private-interest factors "weigh entirely in favor

---

[1] Doc. 10.
[2] 571 U.S. 49, 60 (2013).
[3] Barnett v. DynCorp. Int'l, L.L.C., 831 F.3d 296, 300 (5th Cir. 2016) (citing DTEX, LLC v. BBVA Bancomer, S.A., 508 F.3d 785, 794–95 (5th Cir. 2007)).
[4] *Id.*
[5] Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 64 (2013).

of the preselected forum," so that the "district court may consider arguments about public-interest factors only."[6] Thus, "a valid forum-selection clause controls the *forum non conveniens* inquiry '[i]n all but the most unusual cases.'"[7]

Antecedent to the *forum non conveniens* analysis is the question of whether the forum selection clause at issue is mandatory.[8] "The Fifth Circuit recognizes a distinction between mandatory and permissive forum selection clauses."[9] "A mandatory FSC [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum."[10] "By contrast, a permissive FSC is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum."[11] "Only mandatory clauses justify transfer or dismissal."[12]

Courts must also consider the enforceability of the forum selection clause before analyzing *forum non conveniens*.[13] "Under federal law, forum-selection clauses are presumed enforceable."[14] This is a strong presumption that can

---

[6] *Id.*

[7] *Barnett*, 831 F.3d at 300 (alteration in original) (quoting *Atl. Marine*, 571 U.S. at 66).

[8] *See* Al Copeland Invs., LLC v. First Specialty Ins. Corp., No. CV 16-16346, 2017 WL 2831689, at *6 (E.D. La. June 29, 2017), *aff'd sub nom.* Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp., 884 F.3d 540 (5th Cir. 2018).

[9] Chep Container & Pooling Sols., Inc. v. Pepper Source, Ltd., No. 20-01225, 2020 WL 12675645, at *4 (E.D. La. Dec. 17, 2020) (citing Weber v. PACT XPP Techs., AG, 811 F.3d 758, 768 (5th Cir. 2016)).

[10] *Weber*, 811 F.3d at 768 (alteration added).

[11] *Id.*

[12] *Id.*

[13] *See Al Copeland Invs., LLC*, 2017 WL 2831689, at *6.

[14] Ginter *ex rel.* Ballard v. Belcher, Prendergast & Laporte, 536 F.3d 439, 441 (5th Cir. 2008) (internal quotations omitted).

only be overcome by a clear showing that the clause is unreasonable under one of the following circumstances:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[15]

"The party resisting enforcement on these grounds bears a 'heavy burden of proof.'"[16]

Here, the forum selection clause—stating that litigation *shall* be initiated in New York—contains "clear language specifying that litigation must occur in the specified forum" and is mandatory.[17] Further, Louisiana does not have a strong public policy against the enforcement of forum selection clauses in surplus lines policies such as this.[18]

Plaintiff argues that the forum selection clause should not be enforced because Louisiana Revised Statutes § 22:442 invalidates out-of-state forum selection clauses in insurance contracts such as this. Plaintiff specifically argues that § 22:446 "contains a mandatory venue provision requiring a surplus lines insurer to be sued in the parish where the cause of action arose

---

[15] Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991); M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 12–13 (1972)).

[16] *M/S Bremen*, 407 U.S. at 17.

[17] *Weber*, 811 F.3d at 768.

[18] *See* Hotel Mgmt. of New Orleans, L.L.C. v. Gen. Star Indem. Co., No. 22-30354, 2023 WL 3270904, at *5 (5th Cir. May 5, 2023); LA. REV. STAT. § 22:868(D).

if the cause of action arose in Louisiana."[19] Section 22:442, entitled "Legal process against unauthorized insurer," provides in pertinent part that:

> A. An unauthorized insurer shall be sued, upon any cause of action arising in this state under any contract issued by it as a surplus lines contract, pursuant to this Subpart, in the district court of the parish in which the cause of action arose.
> . . .
> C. An unauthorized insurer issuing such policy shall be deemed thereby to have authorized service of process against it in the manner and to the effect as provided in this Section. Any such policy shall contain a provision stating the substance of this Section, and designating the person to whom the secretary of state shall mail process as provided in Subsection B of this Section.[20]

Plaintiff argues that because the surplus lines policy mandates that litigation be initiated in New York, the forum-selection clause conflicts with § 22:442 and is unenforceable and contrary to the public policy of the state.

Plaintiff's argument, however, conflicts with the language of Louisiana Revised Statutes § 22:868. Importantly, "all statutes on the same subject matter should be read together and interpreted as a whole to effect the legislative intent."[21] While § 22:868(A) generally prohibits forum or venue selection clauses in insurance contracts, the statute expressly provides that "[t]he provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance."[22] Surplus lines insurers, such as Defendant, are not

---

[19] Doc. 10 at 1.
[20] LA. REV. STAT. § 22:442.
[21] Anthony Crane Rental, L.P. v. Fruge, 859 So. 2d 631, 634 (La. 2003) (citing Comm–Care Corp. v. Bishop, 696 So. 2d 969 (La. 1997)).
[22] LA. REV. STAT. § 22:868(D).

subject to approval by the Department of Insurance.[23] Therefore, a plain reading of § 22:868 demonstrates that, with respect to surplus lines insurers, forum or venue selection clauses are neither prohibited by Louisiana law nor contrary to the public policy of the state. [24]

Moreover, in *In re Mt. Hawley Insurance Company*, with a nearly identical venue selection clause before it, the Fifth Circuit granted a writ of mandamus to order transfer of the case before it.[25] The Fifth Circuit did not, however, provide written reasons for granting the writ and ordering the case transferred. On this point, the Court finds the analysis in *Spartan Directional, L.L.C. v. Mt. Hawley Insurance Company* persuasive:

> Respondent in [*In re Mt. Hawley Insurance Company*] made the same argument about § 442 and § 868(D) as plaintiff does here, but the Fifth Circuit granted the petition for a writ of mandamus and ordered the district court to transfer the case to the Southern District of New York. Though the Fifth Circuit did not provide written reasons for granting the writ and ordering the case transferred, we find it persuasive that the Fifth Circuit, when faced with arguments nearly identical to the ones presented to us, decided to enforce the forum selection clause.[26]

Plaintiff has failed to carry its heavy burden in persuading this Court that the venue selection clause is unenforceable as contrary to public policy or in violation of Louisiana Revised Statutes § 22:442. Further, Plaintiff does not

---

[23] LA. REV. STAT. § 22:446(A).

[24] *See* Hotel Mgmt. of New Orleans, L.L.C. v. Gen. Star Indem. Co., No. 22-30354, 2023 WL 3270904, at *5 (5th Cir. May 5, 2023); LA. REV. STAT. § 22:868(D).

[25] *See, e.g.*, *In re* Mt. Hawley Ins. Co., 2022 WL 5360188 (5th Cir. 2022). "A writ of mandamus is an extraordinary remedy only issued when the right to relief is 'clear and indisputable.'" *Id.* (citing *In re* United States *ex rel.* Drummond, 886 F.3d 448, 449 (5th Cir. 2018)).

[26] No. 6:22-cv-2212, 2023 WL 2733494, at *3 (W.D. La. Jan. 18, 2023) (Kay, J.).

present any additional argument against Defendant's Motion to Transfer Venue pursuant to the Policy's forum selection clause. Accordingly, this Court finds the venue selection clause enforceable.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and this matter is **TRANSFERRED** to the United States District Court for the Southern District of New York.

New Orleans, Louisiana this 1st day of April, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**